FILED

MAY 30 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VALUESELLING ASSOCIATES, LLC, a California limited liability company, | No. 11-56229 |
| Plaintiff - Appellant, | D.C. No. 3:09-cv-01493-JM-MDD |
| v. | MEMORANDUM[*] |
| KEVIN TEMPLE, an individual; ENTERPRISE SELLING GROUP, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Jeffrey T. Miller, Senior District Judge, Presiding

Argued and Submitted April 8, 2013
Pasadena, California

Before: FERNANDEZ, RAWLINSON, and BYBEE, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

1

Appellant ValueSelling Associates, LLC (VSA) appeals the district court's denial of its motion to vacate, modify, or correct an arbitration award. We affirm.

1. We may vacate an award under the Federal Arbitration Act only if the award "fails to draw its essence from the agreement," or "exhibits a manifest disregard of law." *Biller v. Toyota Motor Corp.*, 668 F.3d 655, 665 (9th Cir. 2012) (citations and internal quotation marks omitted).

2. VSA points to nothing in the arbitration record that the district court should have reviewed to warrant vacatur, modification, or correction of the arbitration award. In keeping with the intrinsic / extrinsic test set out in *Mattel, Inc. v. MGA Entertainment*, 616 F.3d 904, 913-14 (9th Cir. 2010), *as amended*, the arbitrator determined that the similar components of the Value Selling Program (VSP) and the Enterprise Selling Program (ESP) were not entitled to copyright protection and, alternatively, were neither "substantially similar," nor "virtually identical." These legal conclusions, even if erroneous, do not evince "manifest disregard" of the law. *Matthews v. Nat'l Football League Mgmt. Council*, 688 F.3d 1107, 1115 (9th Cir. 2012) ("For an arbitrator's award to be in manifest

disregard of the law, it must be clear from the record that the arbitrator recognized the applicable law and then ignored it. . . .") (citation and alteration omitted).

3.      The agreements in this case compelled arbitration of "[a]ny dispute, controversy, or question arising under, out of or relating to" the purchase of VSA and the subsequent termination of Temple's rights to market VSA products.  In its submission to the arbitrator, VSA alleged that Temple's ESP infringed VSA copyrights.  Accordingly, the arbitrator acted within his authority when he addressed copyright infringement, including whether the VSP components were copyrightable.  *See Schoenduve Corp. v. Lucent Tech., Inc.*, 442 F.3d 727*, 732 (9th Cir. 2006) (holding that an "arbitrator's authority is determined by the contract requiring arbitration as well as by the parties' definition of the issues to be submitted in the submission agreement").

4.      Our power to modify or correct the arbitration award is circumscribed by 9 U.S.C. § 11(b), which provides that a court "may" modify or correct an award when "the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted."  As previously discussed, the arbitrator's ruling addressing copyright protection for

3

VSP components was within the scope of the matter submitted to him.  Therefore, we may not modify this portion of the award.  *See* 9 U.S.C. § 11(b).

**AFFIRMED.**